### SAMUELL THOMAS and MYERS FISHER v. COE GORDON'S ADMINISTRATOR.

Supreme Court.  March, 1817.

*Clayton's Notebook, 81.*

*Ridgely*, for plaintiff, cited Prec.Ch. 385, 1 Eq.Cas.Abr. 305, pl. 15, [2] Cowp. 548, 1 Salk. 154, 2 Vern. 141, 2 Term 762, Peake 93, Wall.C.C. 66.  *Brown v. Andrews* is in point—case of advertisement of an execution—debt exists though remedy taken away.  The case of *Wilds and Haughey* in the Common Pleas, a case on a will like this.

*Hall, contra.*  1 Del.Laws 525, 526 and 229, [2 Del.Laws] 1032 [are] very guarded as to payment by executors.  The judges in England have often regretted the length to which these cases have gone, 4 East 603, 604.  Cowper is not an adequate case. Vernon was in equity.  Term was an acknowledgment.  3 East 409.  The pleadings are that no promise in six years; replication that it was, Bull.N.P. 148; Selw. 123.  The will recognizes no particular debt.  ([NOTE.]  He takes an acknowledgment to be the only ground, but it is on the principle of a waiver that this clause is not within the Statute.)  The clause is nine times out of ten inserted by a scrivener from some form.  Case of an execution presents a strong one for the protection of the Statute. Prec.Ch., equity proceeds on different principles.  When they get a fund in their hands, they will even disregard the privity of debts.  And if it was a promise at the time, it cannot control the Statute more than six years after.  Here have been twenty-two years and more.  (Query.  Is this sound princi-

ple? May the will be looked on as a sort of specialty? 1 Binn. 209, that such a clause does not save the Act.)

*Curia advisare vult.*